FILED

FEB 26 2020

AT ___ O'CLOCK
John F. Domurad, Clerk - Albany

U.S. DISTRICT COURT - N.D. OF N.Y

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

*Appeal No. 2019000555*
*Hearing No. 520-2017-00115X*

AUGUSTINE TUFAIL                    **Plaintiff(s)**    )
)
)
vs.                                                     )  Civil Case No.:
)  *Agexcy No. 200H-0518-2016100110*
ROBERT WILKIE                                           )  **COMPLAINT FOR**
)  **EMPLOYMENT**
)  **DISCRIMINATION**
**Defendant(s)**   )  **BASED UPON AGE**
)  *AGENCY NO. 200H-051F-2018103235*
*APPEAL No. 20190042*

---

| Plaintiff(s) demand(s) a trial by:  **X** JURY _____ COURT  (Select **only** one). |
|---|

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 29 U.S.C. §§ 626(c)(1). If the plaintiff is a **federal** employee, jurisdiction is conferred on this court pursuant to 29 U.S.C. § 633a(c).

## PARTIES

2. a.   Plaintiff: *AUGUSTINE TUFAIL*

Address: *589 2nd STREET*

*ALBANY NY 17206*

b. Plaintiff: _____

Address: _____

Additional Plaintiffs may be added on a separate sheet of paper.

a. Defendant:  MARY ANDESON

  Official Position: DIRECTOR

  Address:  BUILDING 61

       SPRINGS ROAD

       BEDFORD MA 01730

b. Defendant:  _____

  Official Position: _____

  Address:  _____

       _____

       _____

a. Defendant:  _____

  Official Position: _____

  Address:  _____

       _____

       _____

b. Defendant:  _____

  Official Position: _____

  Address:  _____

       _____

       _____

3.  a.  Defendant: ROBERT WILKIE

Official Position: SECRETARY

Address: DEPARTMENT OF VETERANS AFFAIRS

810 VERMONT, NW

WASHINGTON, DC 20420

b.  Defendant: SEBASTIAN UGUCHWUE

Official Position: CHIEF

Address: BUILDING 61

SPRINGS ROAD

BEDFORD MA, 01730

Additional Defendants may be added on a separate sheet of paper.

4.  This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age.

5.  Venue is invoked pursuant to 28 U.S.C. § 1391.

6.  The conduct complained of in this action involves:

(A)  _____ Failure to employ

(B)  _X_ Termination of employment

(C)  _____ Failure to promote

(D)  _X_ Unequal terms and conditions of employment

(E)  _____ Reduction in wages

(F)  _X_ Retaliation

(G)  _X_ Other acts as specified below:
        UNPAID WADGES FOR
        THE ON CALL & REMOVED FROM THE JOB·

## FACTS

7.    Set forth the facts of your case which substantiate your claim of discrimination. List the events in the order they happened, naming defendants involved, dates and places.

    Note:  Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.

    You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.

    The facts surrounding my claim of discrimination are:

Since 10, 2013 until 8, 2015 did not Pay wadges. Mary Anderson and SEBASTIAN UGUCHWUE

8.    (a)    My date of birth is: SEPTEMBER 26, 1955.

    (b)    My age at the time of the alleged discriminatory act was: _____.

9.    I filed charges with the New York State Division on Human Rights or the New York City Commission on Human Rights regarding the alleged discriminatory acts on or about:

FEB 26 , 2020
(Date)

10.    I filed a Notice of Intent with the Equal Employment Opportunity Commission on or about:

DEC 22, 2015
(Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter **(copy attached)** which was received by me on or about:

$\underline{\textit{JaNvARY} \quad \textit{14} \quad}$, 20 _2 0_
(Date)

12. The plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

13. The plaintiff is within the age limits as prescribed by 29 U.S.C. § 631(a).

14. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 29 U.S.C. § 630(b) (c) and (d).

15. The defendant(s) is (are) engaged in commerce within the meaning of 29 U.S.C. § 630(h).

16. In accordance with 29 U.S.C. § 626(d) and § 633(b), more than sixty (60) days have elapsed since filing a charge alleging unlawful discrimination with the New York State Division of Human Rights, the New York City Commission on Human Rights or the Equal Employment Opportunity Commission.

17. If plaintiff is a **federal** employee and has not filed a complaint with the Equal Employment Opportunity Commission, in accordance with 29 U.S.C. § 633a(d) a thirty (30) day Notice of Intent to File this action must been given to the Equal Employment Opportunity Commission before an action may be brought in this Court.

18. **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

The justice for the TITLE VII and for the FAIR LABOR STANDARDS ACT and FALS accusations (FLSA) from October 2012 — August 2015 AT

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _FEB, 21, 2020_

AUGUSTINE TUFAIL

Augustine Tufail

Signature of Plaintiff(s)
(all Plaintiffs must sign)

United States District Court

AUGUSTINE TUFAIL

Plaintiff / Petitioner

V.

ROBERT WILKIE

Defendant / Respondent

CIVIL ACTION NO.

Appeal No. 2019000555

HEARING No. 520-2017-00115 X

AGENCY No. 200H-0518-2016 00110

AUGUSTINE TUFAIL

Complainant

V.

Secretary
Department of Veterans
Affairs

VA Case No.
200H-0518-2018103235

APPEAL NO 2019004249

Please see the attached letters of the EEOC. I pray and I wish the awards of all false accusations in both the cases.

Augustine Tufail

2/26/2020

*UNPAID FOR THE OVERTIME and False accusations*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Augustine Tufail, a/k/a
Arnold C.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2019000555
Hearing No. 520-2017-00115X
Agency No. 200H-0518-2016100110

<u>DECISION</u>

On October 3, 2018, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's September 21, 2018, final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

At the time of events giving rise to this complaint, Complainant worked as a Chaplain at the Agency's Medical Center in Bedford, Massachusetts. On December 22, 2015, Complainant filed a formal complaint alleging that the Agency discriminated against him and subjected him to a hostile work environment on the basis of national origin (Pakistan) when:

1.  since October 2013 and continuing until the end of August 2015, the Service Chief (SU) did not pay Complainant overtime for being on on-call;

2.  on November 12, 2014, SU yelled at Complainant in front of others and demanded to know why he was not present at a Veterans' Day event the previous day, even though Complainant's coworker confirmed with SU that Complainant had given the invocation for that event;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                        2019000555

3.    on March 1, 2015, SU issued Complainant a "report of contact" for being unavailable on the evening of February 28, 2015, and Complainant felt forced to work on his off hours;

4.    in April 2015, when Complainant returned from a trip to Pakistan, the Associate Director for Patient Care had not addressed his complaint about having no free time for himself due to the call-back schedule, even though he had raised this matter with her at the end of February 2015;

5.    in August 2015, SU accused Complainant of instigating other chaplains not to be on-call;

6.    on August 11, 2015, SU harassed and intimidated Complainant for about thirty-five minutes after Complainant reported to Human Resources when he received an email from SU entitled "random drug testing";

7.    in September 2015, SU told Complainant that he did not provide any services [to family members] and that he had just been responding to the needs of the Agency, which Complainant contends is untrue;

8.    on September 4, 2015, SU told Complainant he should have asked for his remedy to his union grievance with the National Association of Government Employees within thirty days, even though Complainant was subjected to an on-call schedule for two years from October 2013 to August 2015;

9.    in the first week of October 2015, SU threatened Complainant and a coworker to resume the on-call status or they could be fired and made the sarcastic comment "money, money, money";

10.   on October 28, 2015, SU brought Complainant and another chaplain before the "president chaplain" at an annual educational conference and threatened them to resume the on-call status or they could be fired; and

11.   on August 31, 2015, the Associate Director for Patient Care yelled at Complainant using her "maximum voice" when she told him to "stop it right now" as he was discussing his lack of pay for being on-call; she told him that "nobody receives call pay," which Complainant contends is not true.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ).  Complainant timely requested a hearing.  The Agency submitted a motion for a decision without a hearing. The AJ subsequently issued a decision by summary judgment in favor of the Agency.

3                                                                          2019000555

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo. See 29 C.F.R. § 1614.405(a) (stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review..."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

<u>STATEMENT OF RIGHTS - ON APPEAL</u>
<u>RECONSIDERATION</u> (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.

4                                                            2019000555

A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

5                                                        2019000555

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

January 14, 2020
Date

6                                              2019000555

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Augustine Tufail
589 2nd Street
Albany, NY 12206

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420

January 14, 2020
. Date

Compliance and Control Division

Reference #: 2019000555
Augustine Tufail
589 2nd Street
Albany, NY  12206

*THIS IS Related to Employement and false accusations.*

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

## JAN 1 5 2020

### TRANSMITTAL OF FINAL AGENCY DECISION

**TO:**  The Parties
Representatives of the Parties
ORM Field Office

**SUBJ:**  Final Agency Decision

| | |
|---|---|
| Complainant's Name: | Augustine Tufail |
| Agency Case No.: | 200H-0518-2018103235 |
| EEOC Appeal No.: | 2019004249 |

Enclosed is the Department's Final Agency Decision concerning the above-referenced complaint of employment discrimination.

The Final Agency Decision includes a statement explaining the complainant's right of appeal and right to file a civil action.

The transmittal to the complainant and, if applicable, the complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a "mixed case") for use should the complainant wish to appeal the enclosed Final Agency Decision.

If the complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORM field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

Maxanne R. Witkin
Director

Enclosures

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

Augustine Tufail,                       )
                  *Complainant,*        )
                                        )
          *v.*                          )        **VA Case No. 200H-0518-2018103235**
                                        )
Secretary,                              )
Department of Veterans Affairs,         )
                                        )
          *Agency,*                     )

**FINAL AGENCY DECISION**

**INTRODUCTION**

In a formal EEO complaint filed on May 30, 2018, Complainant alleged that officials at the VA Medical Center in Bedford, Massachusetts, discriminated against him as referenced below. The Department's Office of Resolution Management (ORM) accepted the complaint in its entirety and conducted an appropriate investigation.

At the conclusion of the investigation, the Department notified Complainant in writing of the right to request either a hearing and decision by an EEOC administrative judge, with a subsequent final action by the Department, or an immediate final decision by the Department without a hearing. Complainant acknowledged receipt of that notice on August 3, 2018. According to the complaint file, Complainant requested an immediate final agency decision without a hearing. Thus, the complaint file was forwarded to the Department's Office of Employment Discrimination Complaint Adjudication (OEDCA) for a final agency decision based on the investigative record. OEDCA initially received the file from ORM on December 12, 2018.

On April 25, 2019, OEDCA issued a procedural Final Agency Decision, dismissing Complainant's harassment complaint, which listed five claims. OEDCA determined that these claims should be dismissed because they were already raised by Complainant in his September 25, 2018 appeal to the MSPB, which had adjudicated the case and found that the agency's actions did not discriminate against Complainant on the basis of national origin or reprisal. Tufail v. Dept of Veterans Affairs, MSPB Docket No. PH-0714-18-0490-I-1 (March 22, 2019).

Complainant appealed to the EEOC, which upheld the MSPB's decision finding no discrimination for Claims 1, 2, 3, and 5. However, the EEOC determined that Claim 4 had not been raised in Complainant's MSPB appeal, and therefore reversed OEDCA's dismissal of Claim 4 and remanded this claim to OEDCA for further processing. See Brain M. v. Dept of Veterans Affairs, EEOC Appeal No. 2019004249 (October 23, 2019); Barrett V. v. Dept of Veterans Affairs, EEOC Petition No. 2019003300 (July 11, 2019). OEDCA received the remanded claim for processing on December 2, 2019.

## CLAIM

Whether Complainant was subjected to harassment based on reprisal (prior EEO activity) and national origin (Pakistani) when, effective August 23, 2018, the Associate Chief of Patient Care Services issued the Complainant a notice of temporary reassignment out of patient care and assigned him to administrative duties.

## SUMMARY OF FACTS

At the time of the alleged discrimination, Complainant (National Origin: Pakistani; Prior Protected Activity: Yes) was employed as a Chaplain (GS-12) for the VA Medical Center in Bedford, Massachusetts. (Report of Investigation (ROI), Tabs 1-1 & 2-1) According to the position description, Complainant's duties included, but were not limited to providing Roman Catholic services and ministry to the facility's patients and their relatives based on their individualized, spiritual needs. (ROI, Tab 7-18)

Responsible management officials for this complaint include the following:

- (S1) Complainant's first-level supervisor, the Chief of the Chaplain Service (National Origin: Nigerian; Prior Protected Activity: Yes); and

- (S2) Complainant's second-level supervisor, the Associate Director of Patient/Nursing Service (National Origin: American; Prior Protected Activity: Yes); and

(ROI, Tab 6-1)

In a February 21, 2018 email, a Registered Nurse (RN) on the Floor 62B Team responded to a group email chain about scheduling an interfaith prayer service that Complainant would lead on his assigned floor. In her email, the RN reported to S1 that she "was told that [Complainant] was not present at the team meeting yesterday." She also stated that Complainant "did not check in or out with nursing staff" and that she "saw him on the unit for less than five minutes" the following day. (ROI, Tab 2-1)

2

Complainant responded to the RN's email on February 22, 2018 and denied the RN's accusations. Among other things, Complainant wrote that the Chief of the Chaplain Service (S1) must have asked the RN to make false statements against him, that S1 was a big liar, and that the RN was a dangerous, unreliable, and untrustworthy woman who did not have any common sense. Complainant completed his response stating that he planned to stay away from S1 as much as he could. (ROI, Tab 2-1)

The Associate Director of Patient/Nursing Service (S2) had been copied on the email chain and responded on February 23, 2018, asking that Complainant "stop this aggressive verbal assault against your supervisor and colleague" and that she would be following up on this situation. (ROI, Tab 2-1)

In a separate incident, S2 testified that on March 14, 2018, a Nurse Manager reported that Complainant had falsely documented the provision of chaplain services in a patient's chart, even though Complainant never visited the patient on the reported day. Complainant was also accused of falsely documenting services for a second patient on March 20, 2018, even though the patient had been transferred out of the facility the previous day. Management initiated a fact-finding investigation into these allegations of Complainant falsifying two patients' medical records, as well as allegations of Complainant sleeping while on duty and not being on his assigned units to provide chaplain services to patients. (ROI, Tabs 7-6 & 7-17)

In August 2018, the Chaplain Service's Program Support Analyst contacted S1 to report concerns that a 14-year old summer volunteer had relayed to her concerning Complainant. The Program Support Analyst wrote to S1 that Complainant's interactions with the volunteer "seem innocent enough," but that Complainant is frightening to her (the volunteer), is touching her face and head, and is "freeking [sic] her out" by frequently complimenting her. The volunteer's August 21, 2018 email to the Program Support Analyst lists several of these concerns, including that Complainant allegedly: (a) stroked her cheek; (b) grabbed her head and kissed it; (c) tried to buy her a Vera Bradley bag after she had already refused; (d) walked very close to her; (e) wanted to give her money for college; (f) wanted to stay connected forever; (g) texted her at 9:00pm to say "goodnight and sweet dreams;" and (h) referred to her as his "forever niece" although they were not apparently related. (ROI, Tab 7-19)

Effective August 23, 2018, S2 issued Complainant a notice of temporary reassignment out of patient care and to administrative duties, pending a fact-finding investigation into allegations that Complainant engaged in harassing and unprofessional conduct. (ROI, Tab 7-19) The fact-finding investigator sought information from the involved parties starting on August 24, 2018. The investigator's interview with Complainant and the Program Support Analyst confirmed several of the volunteer's allegations. (ROI, Tab 7-19)

3

In his testimony, Complainant asserted that S1 had him reassigned because of the email that he sent to the Floor 62B RN on February 21, 2018 and because of the RN's accusations that Complainant did not provide services on the 62B floor. However, Complainant reiterated that these accusations were false and that he should not have been reassigned. (ROI, Tab 7-2)

Complainant remained reassigned to administrative duties until his removal on September 13, 2018, for the charges of lack of candor and conduct unbecoming a VA Chaplain. (ROI, Tab 7-24)

## ANALYSIS

### 1. Statement of Applicable Law

The law prohibiting discrimination based on national origin and reprisal is Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. ("Title VII"). Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

### Disparate Treatment

To prevail in a disparate treatment claim, the complainant must satisfy the three-part analytical framework established by the U.S. Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The complainant must first prove a *prima facie* case, as described below. See Furnco Construction Co. v. Waters, 438 U.S. 567, 576 (1978). The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). To ultimately prevail, the complainant must prove, by a preponderance of the evidence, that the agency's explanation is pretextual, i.e., not the true reason for its actions. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993).

A *prima facie* case of discrimination based on national origin must generally show: (1) the complainant is a member of a protected class; (2) the complainant suffered an adverse action; (3) a causal relationship existed between the complainant's protected basis and the adverse action; and (4) employees outside of the complainant's protected class were treated differently, or some other evidence that gives rise to an inference of discriminatory motives. McDonnell Douglas, 411 U.S. at 802.

### Reprisal

Employers may not take retaliatory actions that are likely to deter a reasonable employee or applicant from engaging in protected EEO activity. Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006); see also, 42 U.S.C. § 2000e-3(a). A prima facie case of reprisal must show: (1) the complainant engaged in a protected activity, (2) management

4

was aware of the protected activity, (3) management took action(s) which adversely impacted the complainant after the protected activity, and (4) the management action occurred in a manner that suggests the complainant's protected EEO activity was a motivating factor for the action.  Clemente M. v. Dep't of Army, EEOC Appeal No. 0720140015 (March 16, 2017); Petitioner v. Dep't of the Interior, EEOC Petition No. 0320110050 (July 16, 2014), n.6 (declining to adopt the stricter standard enunciated in Univ. of Texas Med. Ctr. v. Nassar, 570 U.S. 338 (2013).

## 2. Discussion

Prima Facie Case

We assume, for purposes of our analysis only, and without so finding, that Complainant has sufficiently raised an inference that the event he alleged to be discriminatory occurred because of his national origin and protected EEO activity.  We now turn our attention to whether the Agency articulated legitimate, nondiscriminatory reasons for engaging in this action that Complainant believes constitutes impermissible disparate treatment and reprisal. Burdine at 253.

The Agency's Response

In their testimony, both S1 and S2 maintained that Complainant was reassigned out of patient care because he was accused of inappropriate behavior involving a 14-year old student volunteer.  (ROI, Tabs 7-4 & 7-6)  Both S1 and S2 stated that temporarily reassigning Complainant would be necessary for the duration of the fact-finding investigation.  (ROI, Tab 7-4 & 7-6)  They stated that this was the second fact-finding investigation involving Complainant, which specifically sought to address Complainant's alleged inappropriate behavior with the student volunteer.  As described in the facts section, the first fact-finding investigation in March 2018 was for unprofessional conduct and falsifying two patients' medical records, for which Complainant was subsequently removed.[1]  (ROI, Tab 7-5)

With regard to the agency's reassignment policy, S2 stated that a staff member is immediately returned to patient care duties if the allegations against that staff member are unproven.  If the allegations are sustained, the staff member remains assigned away from patient care areas until the issues are resolved.  (ROI, Tab 7-7)  The investigative record indicates that Complainant was removed for other reasons in September 2018, before the August 2018 fact-finding investigation was completed regarding his interactions with the student volunteer.

S1 indicated that no employees under his supervision had remained in their positions during fact-finding investigations of similar allegations, and both S1 and S2 maintained

---

[1] Complainant's removal was subsequently upheld by both the MSPB and the EEOC's Office of Federal Operations, which found no discrimination based on national origin or reprisal.  Barrett V. v. Dept of Veterans Affairs, Petition No. 2019003300 (July 11, 2019)

5

that Complainant's national origin and EEO activity were not factors in deciding to reassign him aware from patient care duties during the fact-finding investigation. (ROI, Tab 7-4)

Because the Agency has met its burden of articulating a legitimate, nondiscriminatory reason for Complainant's temporary reassignment, we must next determine whether Complainant meets his burden of providing sufficient evidence of pretext.

Pretext

To show that management's proffered reasons were pretext, Complainant must provide evidence proving management's reasons were factually baseless, were not the actual motivation for its decisions, or were insufficient to motivate its actions. Balderston v. Fairbanks Morse Engine Division, 328 F.3d 309, 323 (7th Cir. 2003).

For the reasons set forth below, we find Complainant's pretext arguments unpersuasive to prove discrimination based on national origin or reprisal.

In a November 30, 2018 letter to ORM, Complainant alleged that the email from the student volunteer to the Program Support Analyst was a "fake email" that was not sent by the student but was sent by the Program Support Analyst. Complainant believed that S1 influenced the Program Support Analyst to make false accusations against Complainant because S1's mission was to get him. However, Complainant presented no evidence, direct or circumstantial, that would support this theory. Even if we accepted as true Complainant's assertion that the allegations against him were false, it remains Complainant's burden to provide sufficient evidence demonstrating that the allegedly false allegations were motivated by his national origin or protected EEO activity.

With regard to his national origin, Complainant believed that S1 was trying to get rid of him so that S1 could hire a Nigerian Chaplain to take Complainant's place, because S1 is Nigerian. (ROI, Tab 2-1) However, Complainant has failed to offer sufficient evidence that S1 (or any other employee) was biased toward those of Pakistani origin or toward anyone of a different nationality than his own. In addition, Complainant has not offered any evidence that management would have acted differently had similar allegations involving a volunteer been brought against a non-Pakistani employee. Therefore, we cannot conclude that Complainant's national origin was a factor in his reassignment.

With regard to reprisal, Complainant also believed that management reassigned him because of his prior EEO complaint, which was filed in October 2015 and was closed in September 2018 after the EEOC granted summary judgment in favor of the agency. In that prior EEO complaint (VA Case # 200H-0518-2016100110), Complainant alleged that S1 and S2 had subjected him to discrimination and harassment based on his national origin when, among other things, Complainant did not receive overtime pay for being on-call. While Complainant has created an inference of reprisal due to management's knowledge and temporal proximity, Complainant has not demonstrated a nexus between his August 2018 reassignment and his prior EEO activity. In other words, the record does

6

not demonstrate that Complainant's prior EEO activity was a motivating factor for reassigning him to administrative duties pending the agency's investigation into the student volunteer's allegations. At all times, it remains Complainant's burden to prove intentional discrimination by a preponderance of the evidence, and Complainant's speculation about management's motives is not enough to show that his prior EEO activity was a factor in management's actions. See Burdine, 450 U.S. at 253.

For the above reasons, we find that the record contains insufficient evidence to substantiate Complainant's allegations that his reassignment was discriminatory based on his protected classes, or to establish that management's reasons for his reassignment were pretexts for reprisal. Accordingly, we conclude that Complainant has failed to meet his burden to prove by a preponderance of the evidence that national origin or reprisal motivated the Agency's actions in violation of federal EEO law.

## CONCLUSION

The Department finds no discrimination based on national origin or reprisal with respect to the matter raised in this complaint. We award no remedy, and we do not award attorney's fees or costs.

## RIGHT OF APPEAL

Within 30 days of receipt of this final agency decision, Complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013**. If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA Office of General Counsel at the following address: **Department of Veterans Affairs, Office of General Counsel (024), 810 Vermont Avenue, NW, Washington, DC 20420**.

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's Appellant Docketing Statement, must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If Complainant files an appeal with the Commission beyond the above-noted time limit, Complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

7

## RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action:

within 90 days of receipt of this final decision if no appeal to EEOC has been filed; or

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

Complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which Complainant works. Complainant may not name just the Department. Complainant must name **Robert L. Wilkie** as the defendant. Complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date that Complainant receives the final agency decision from the Department or the Commission.

JAN 1 5 2020

_____
MAXANNE R. WITKIN
Director, Office of
Employment Discrimination
Complaint Adjudication

_____
Date

Attachment: EEOC Form 573

8

## DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

### JAN 15 2020

### CERTIFICATION OF SERVICE

Complainant's Name:          Augustine Tufail
Agency Case No.:             200H-0518-2018103235
EEOC Appeal No.:             2019004249

      I certify that on this date, the Final Agency Decision was sent via First Class Mail to the individuals and parties shown below.

      For timeliness purposes, it shall be presumed that the parties received the foregoing Final Agency Decision within five (5) calendar days after the date it was sent via First Class Mail.

Complainant:

Augustine Tufail
589 Second Street
Albany, NY 12206

Facility Director or Staff Office Head:

Director (518/00)
Department of Veterans Affairs
VA Medical Center
200 Springs Road
Bedford, MA 01730

ORM Field Office:

Department of Veterans Affairs
Office of Resolution Management (08E)
151 Knollcroft Road, Building 16
Lyons, NJ 07939

EEOC – Office of Federal Operations:

Carlton M. Hadden, Director
EEOC - Office of Federal Operations
131 M Street, NE
Washington, DC 20507

VA General Counsel's Office:

Department of Veterans Affairs
Office of General Counsel (02)
200 Springs Road, Building 61
Bedford, MA 01730


_____                    JAN 1 5 2020

Signature of Dispatcher                               _____

                                                     Dispatch Date